**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* C.W.

No. 23-657 (Pendleton County CC-36-2023-JA-16)

## MEMORANDUM DECISION

Petitioner Mother T.W.[1] appeals the Circuit Court of Pendleton County's October 19, 2023, order terminating her parental rights to C.W.,[2] arguing that the circuit court erred by adjudicating her as an abusing parent. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April 2023, I.W.,[3] the petitioner's stepdaughter, disclosed in a Child Advocacy Center ("CAC") interview that S.W., her father, touched her "no no square" and "rubbed all over it." I.W., then seven years old, further disclosed that the petitioner was in the room when the touching occurred. At the time, C.W., the daughter of the petitioner and S.W., lived in their home full time while I.W. and L.W., the petitioner's stepchildren, visited the home every other weekend. Based on I.W.'s disclosures, the DHS filed a petition alleging that the petitioner and the father abused and neglected all of the children, including C.W.

The circuit court held two adjudicatory hearings in July 2023 and August 2023. The court admitted I.W.'s CAC interview into evidence. A forensic nurse testified to performing a physical examination of I.W. The nurse testified that I.W. disclosed that I.W.'s father touched her, that she cried and told him to stop, and that the petitioner was there. The nurse explained that I.W.'s

---

[1] The petitioner appears by counsel Lauren M. Wilson. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Marla Zelene Harman appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The proceedings in circuit court involved additional children, I.W. and L.W., who are not at issue in this appeal.

physical examination indicated vaginal discharge, labial swelling, and redness and that lab results indicated a yeast infection. Overall, the nurse testified that her findings "neither supported nor refuted sexual abuse allegations." A second forensic nurse testified to performing a follow-up physical examination one week after I.W.'s initial examination. The nurse testified that her findings were normal but explained that, given the nature of the allegations, she would not expect to have additional findings given how quickly the vaginal area can heal. The nurse also testified that I.W. made similar disclosures to her. A DHS worker who observed I.W.'s CAC interview testified regarding the child's disclosures. However, the worker also explained that, in her opinion, I.W.'s disclosure sounded as though it could have been rehearsed. S.W. testified, denying any inappropriate touching and denying ever being alone with the children. Finally, the court heard testimony from the petitioner, who denied ever seeing S.W. touch any of the children inappropriately and affirmed that S.W. was never alone with the children.

The circuit court found that during her CAC interview and two physical examinations, I.W. made consistent disclosures that S.W. subjected her to sexual contact while the petitioner was present. Additionally, the court determined that I.W.'s disclosures were credible and that the testimony given by S.W. and the petitioner was not credible. The court then found that the petitioner abused and neglected I.W. by failing to protect her from sexual contact and that L.W. and C.W. were abused and neglected children by extension.

The court held a dispositional hearing in October 2023. A DHS worker testified that there was no reasonable likelihood the conditions of abuse and neglect could be remediated in the near future given the nature of the abuse. She explained that the DHS recommended terminating the petitioner's parental rights. Accordingly, the court terminated the petitioner's parental rights to the child.[4] It is from this order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, the petitioner argues that the circuit court erred by adjudicating her as an abusing parent of C.W. in the absence of clear and convincing evidence that I.W. was sexually abused or that the petitioner knowingly took no action to prevent the abuse. Upon our review, we find that the record does contain such clear and convincing evidence. We have explained that in abuse and neglect cases, West Virginia Code § 49-4-601(i) "requires the [DHS] . . . to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence],'" though the statute "does not specify any particular manner or mode of testimony or evidence by which the [DHS] is obligated to meet this burden." Syl. Pt. 1, in part, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (quoting Syl. Pt. 1, *W. Va. Dep't of Health & Hum. Res. ex rel. Wright v. Brenda C.*, 197 W. Va. 468, 475 S.E.2d 560 (1996)).

I.W. consistently disclosed, to three separate individuals, that she was sexually abused by S.W. and that the petitioner was in the room when the abuse occurred. The court heard the DHS worker's opinion that I.W.'s statement could have been "rehearsed" but was unmoved by the

---

[4] The father's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

2

worker's testimony. Ultimately, the court found that I.W.'s disclosures were credible and found that the petitioner's testimony and S.W.'s testimony lacked credibility. As we have consistently held, "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). As such, we find no error in the circuit court's adjudication of the petitioner.

The petitioner also argues that the court erred by adjudicating her as an abusing parent of C.W. in the absence of clear and convincing evidence that C.W.'s health or welfare was harmed or threatened.[5] We have previously held

> [w]here there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under [W. Va. Code 49-1-201].

Syl. Pt. 2, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). The record is clear that the sexual abuse of I.W. occurred in the home of the petitioner and S.W., where C.W. lived. C.W. was properly adjudicated as an abused child based on the petitioner's failure to protect another child in her home from sexual abuse. Accordingly, the circuit court's adjudication of C.W. as an abused child was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 19, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: November 6, 2024

---

[5] Although the petitioner frames this assignment of error as an argument that the termination of her parental rights to C.W. was error, the petitioner's argument focuses entirely on whether the evidence presented at adjudication established that C.W. met the definition of an abused or neglected child and makes no other arguments regarding termination. As such, we address only the petitioner's argument regarding her adjudication. *See* W. Va. R. App. P. 10(c)(7) (requiring the petitioner's brief to "contain an argument clearly exhibiting the points of fact and law presented . . . and citing the authorities relied on, under headings that correspond with the assignments of error"). Given that the petitioner presents no actual argument regarding the termination of her parental rights, the circuit court's ultimate disposition is not at issue in this appeal.

3

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn